JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:20-CV-11265-AB-JPR | Date: | February 18, 2021 |
|---|---|---|---|

| Title: | Ricardo Ramirez v. FCA US LLC et al. |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **GRANTING** PLAINTIFF'S MOTION TO REMAND (DKT. NO. 13)

Before the Court is Plaintiff Ricardo Ramirez's Motion to Remand. (Dkt. No. 13.) Defendant FCA US LLC opposed (Dkt. No. 17) and Plaintiff replied (Dkt. No. 18). The Court deemed this matter appropriate for decision without oral argument and accordingly **VACATED** the hearing set for February 12, 2021. For the reasons stated below, the Motion is **GRANTED**.

### I. BACKGROUND

#### A. Factual History

Plaintiff Ricardo Ramirez ("Plaintiff") brings this lawsuit against Defendants FCA US, LLC ("FCA") and West Covina CDJR ("West Covina") (collectively "Defendants") for claims arising from the sale of an allegedly defective vehicle. Plaintiff is a resident of the County of Los Angeles, California. (Dkt. No. 8 ("FAC") at ¶ 2.) Defendant FCA is a corporation organized under the laws of Delaware and registered with the California Department of Corporations to

conduct business in California. (*Id.* at ¶ 3.) Defendant West Covina is a limited liability company organized under the laws of California and is engaged in the sale of motor vehicles and related equipment and services. (*Id.* at ¶ 5.)

On October 15, 2018, Plaintiff purchased a 2018 RAM 1500 (the "Vehicle") from Defendant West Covina and received an express written warranty from Defendant FCA. (*Id.* at ¶¶ 7, 10-11.) Plaintiff alleges that the warranty provided that "in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to FCA's representative and the Vehicle would be repaired." (*Id.* at ¶ 11.)

Plaintiff alleges that after taking possession and during the warranty period, the Vehicle "contained or developed defects" which included specifically: defective body system; defective mechanical system; defective transmission system; and defective engine. (*Id.* at ¶¶ 12-13.) Plaintiff alleges that Defendants have failed to comply with the provisions of the express and implied warranties and have not serviced or repaired the Vehicle. (*Id.* at ¶¶ 15-19.)

### B. Procedural History

On November 10, 2020, Plaintiff filed a complaint against Defendant FCA in California Superior Court for the County of Los Angeles. (Dkt. No. 1-2, Exh. A, "Compl.") Plaintiff served Defendant on November 11, 2020. (Dkt. No. 1 at ¶ 3.) On December 11, 2020, Defendant FCA removed Plaintiff's Complaint to federal court. (NOR at 1.) Defendant FCA's Notice of Removal states that the Court has diversity jurisdiction over Plaintiff's Complaint. (*Id.* 6-8.)

On December 31, 2020, Plaintiff filed a First Amended Complaint. (Dkt. No. 8, "FAC".) The FAC included West Covina as an additional defendant. Plaintiff's FAC alleges five causes of action which arise from California's Song-Beverly Consumer Warranty Act, California Civil Code §§ 1790–1795.8 ("Song-Beverly Act"): (1) violation of section 1793.2(d) against Defendant FCA, FAC ¶¶ 20-26; (2) violation of section 1793.2(b) against Defendant FCA, *id.* ¶¶ 27-31; (3) violation of section 1793.2(a)(3) against Defendant FCA, *id.* ¶¶ 32-34; (4) breach of express written warranty in violation of sections 1791.2(a) and 1794 against Defendant FCA, *id.* ¶¶ 35-38; (5) breach of the implied warranty of merchantability in violation of sections 1791.1, 1794, and 1795.5 against Defendant FCA and Defendant West Covina, *id.* ¶¶ 39-43.

On January 8, 2021, Plaintiff filed the instant Motion to Remand. (Dkt. No. 13, "Mot.") On January 17, 2021, Defendant FCA filed its Opposition, (Dkt. No. 17), and on January 29, 2021, Plaintiff filed his Reply, (Dkt. No. 19).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a) ("Section 1441"), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332 ("Section 1332"), a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1441(b)(2) further limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir.2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec.2, 2014). The removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Company, LLC v. Owens ("Owens")*, 135 S.Ct. 547, 554 (2014); Fed. R. Civ. P. 8(a). Where the plaintiff contests the defendants' allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Owens*, 135 S. Ct. at 550.

The removal statute is "strictly construe[d] against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

///
///

## III. DISCUSSION

Here, Plaintiff alleges a cause of action against Defendant West Covina for breach of the implied warranty of merchantability under the Song-Beverly Act. (FAC ¶¶ 39-43.) Plaintiff's Motion to Remand argues that the Court lacks diversity jurisdiction over Plaintiff's FAC because Plaintiff and Defendant West Covina are both citizens of California. (Mot. at 2-6.) Plaintiff further argues that diversity jurisdiction is absent because Defendants have not carried their burden of demonstrating that Plaintiff is a citizen of California. (*Id*. at 6-8.)

Defendant FCA argues that the Court has diversity jurisdiction because Plaintiff fraudulently joined Defendant West Covina. (Opp. at 6-7.) Specifically, Defendant FCA argues that Plaintiff cannot state an implied warranty claim against Defendant West Covina because the FAC contains only "barebones allegations" and were made "solely for the purpose of destroying diversity." (*Id.* at 8.) In the alternative, Defendant FCA argues that the Court should sever Defendant West Covina from the case under Federal Rule of Civil Procedure 21. (*Id.* at 8-9.)

For the reasons explained below, the Court agrees that Plaintiff did not fraudulently join Defendant West Covina. The Court need not reach Plaintiff's remaining arguments concerning the amount in controversy[1] or whether Defendant sufficiently demonstrated Plaintiff's citizenship in removing this case. Additionally, the Court denies Defendant FCA's request to sever Defendant West Covina.

### A. Defendant West Covina Was Not Fraudulently Joined.

For the Court to have diversity jurisdiction, complete diversity of parties is required: "[I]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v.*

---

[1] Plaintiff does not address the amount in controversy in his Motion to Remand (*see generally* Mot.); in its Opposition, Defendant asserts that the amount in controversy exceeds $75,000 (Opp. at 9-10). Somewhat confusingly, Plaintiff asserts for the first time in his Reply that "[t]he true focal point of the present Motion to Remand is straightforward: FCA's removal was improper because it failed to establish the amount in controversy exceeds $75,000." (Reply at 2.) Regardless of this seeming inconsistency, the Court need not address the amount in controversy for the reasons stated herein.

*Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). However, fraudulently joined defendants who destroy diversity do not defeat removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

"Fraudulent joinder is a term of art" and does not require a showing of bad faith. *Id.* As this Court has previously explained, "[t]here is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Beutel v. Wells Fargo Bank N.A.*, No. 18-CV-03686-LHK, 2018 WL 3084660, at *2 (N.D. Cal. Jun. 22, 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)); *Heslop v. Ford Motor Co.*, No. 19-CV-01422-LHK, 2019 WL 3026954, at *3 (N.D. Cal. July 11, 2019) (same). Joinder is fraudulent only when it is "obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined defendant]." *Hunter*, 582 F.3d at 1046.

This standard imposes a very high bar on removing defendants, which "accords with the presumption against removal jurisdiction, under which we strictly construe the removal statute, and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (quotation marks omitted). The Ninth Circuit has repeatedly held that "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 548 (emphasis in original) (citations and quotation marks omitted); *see also Warner v. Select Portfolio Serv.*, 193 F. Supp. 3d 1132, 1137 (C.D. Cal. 2016) (stating that defendants face an "immense burden" in proving fraudulent joinder).

Specifically, in *Grancare*, the Ninth Circuit held that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined" because "[a] standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits." *Id.* Rather, "[b]ecause the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the "*wholly insubstantial and frivolous*" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (emphasis added).

> 1. **Defendant FCA's Argument that Plaintiff's Allegations Against Defendant West Covina Are "Barebones" Does Not Establish Fraudulent Joinder.**

Here, Defendant FCA argues that Plaintiff's cause of action against Defendant West Covina includes vague allegations which "fail to provide necessary details to sustain a proper claim" and that "[m]ore likely, Plaintiff[] added Defendant solely for the purpose of destroying diversity and should be considered a sham defendant." (Opp. at 8.) Standing alone, "[t]hese conclusory assertions do not come close to meeting FCA's heavy burden of establishing fraudulent joinder." *Arias v. FCA US LLC*, No. CV 20-02100-CJC (JDEx), 2020 WL 1809666, at *2 (C.D. Cal. Apr. 9, 2020). Indeed, as this Court has repeatedly noted, "[i]n the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (N.D. Cal. 2012) (internal quotation marks and citations omitted).

Put another way, Defendant must establish that any deficiency in the complaint cannot possibly be cured by granting Plaintiff leave to amend. *Grancare*, 889 F.3d at 550 ("If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."). Defendant's argument that Plaintiff's allegations are "barebones" does not come close to establishing that amendment would be futile, and as such, Defendant's fails to meet the demanding standard required to establish fraudulent joinder.

> **B. The Court Declines to Dismiss Defendant West Covina Under Federal Rule of Civil Procedure 21.**

Alternatively, Defendant FCA asks the Court to sever Defendant West Covina under Federal Rule of Civil Procedure 21 because "Plaintiff has not shown how West Covina is necessary to afford Plaintiff[] full relief." (Opp. at 8-9.) Rule 21 provides that a court may sua sponte "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Sams v. Beech Aircraft*, 625 F.2d 273, 277 (9th Cir. 1980) (holding that Rule 21 "grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse

party provided the nondiverse party is not indispensable to the action under Rule 19").

The Court declines to exercise its discretion because Plaintiff's claims against Defendant FCA and Defendant West Covina arise from the same series of transactions or occurrences. Plaintiff brings his implied warranty of merchantability against both Defendants. The claim involves the same vehicle and the same defects as to both Defendants, such that judicial efficiency weighs against severing Defendant West Covina. *See Bunn v. Ford Motor Co.*, No. 5:19-CV-03590-EJD, 2020 WL 991529, at *4 (N.D. Cal. Mar. 2, 2020) (denying defendant's motion to sever auto dealership under Rule 21 because "auto dealerships may be necessary for adjudication of state law claims") (collecting cases); *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 673 (N.D. Cal. 2019) (denying defendant's request to sever auto dealership pursuant to Rule 21 because when "the breach of the implied warranty arises from the same vehicle, the same alleged defects in that vehicle, and the same failed attempt to repair that vehicle[,] ... trying the case in separate actions could lead to inconsistent findings as to the condition of the vehicle and the adequacy of repairs") (internal alterations and quotation marks omitted).

Moreover, the Court has already concluded that remand is appropriate because it lacks diversity jurisdiction. To sever Defendant West Covina for the Court to exercise diversity jurisdiction would contradict the Ninth Circuit's instruction that "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. Thus, the Court declines to sever Defendant West Covina under Rule 21.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** the case to the California Superior Court for the County of Los Angeles. The Clerk shall close the file.

**IT IS SO ORDERED**.

cc:    Los Angeles County Superior Court, 20PSCV00764